# 24-0962-CV

## United States Court of Appeals
### *for the*
## Second Circuit

ROBERT LAROSE,

*Plaintiff-Appellant,*

— v. —

AMERICAN MEDICAL RESPONSE OF CONNECTICUT, INC.,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

## BRIEF FOR DEFENDANT-APPELLEE

JOHN P. SHEA
JACKSON LEWIS P.C.
*Attorneys for Defendant-Appellee*
90 State House Square, 8th Floor
Hartford, Connecticut 06103
(860) 522-0404

## Rule 26.1 Corporate Disclosure Statement

Undersigned counsel hereby certifies that Defendant American Medical Response of Connecticut, Inc. ("Defendant") is a wholly owned subsidiary of American Medical Response, Inc. American Medical Response, Inc. is a wholly owned subsidiary of AMR Holdco, Inc., which is in turn a wholly owned subsidiary of Global Medical Response, Inc. Global Medical Response, Inc. is a wholly owned subsidiary of GMR Intermediate Corp., which is in turn a wholly owned subsidiary of GMR Buyer Corp. No publicly held corporation owns more than 10% of Defendant's stock.

# TABLE OF CONTENTS

**Page**

RULE 26.1 CORPORATE DISCLOSURE STATEMENT.......................................i

TABLE OF AUTHORITIES ................................................................iv

JURISDICTIONAL STATEMENT .........................................................1

COUNTER-STATEMENT OF THE ISSUE ON APPEAL ....................................2

COUNTER-STATEMENT OF THE CASE ..................................................2

COUNTER-STATEMENT OF THE FACTS ................................................5

SUMMARY OF ARGUMENT .............................................................8

ARGUMENT ..............................................................................9

    A.   Standard of Review ............................................................9

    B.   The District Court Correctly Found That Plaintiff-Appellant Could Not Prove FMLA Interference As A Matter of Law...............10

        1.   To The Extent Plaintiff's Newly Asserted Pre-Leave Expiration Reinstatement Interference Claim Is Not Waived, It Does Not Create A Disputed Issue of Material Fact As To Whether Plaintiff-Appellant Requested Reinstatement Prior To Expiration of His FMLA Leave..................................................................11

            a.   Plaintiff Has Waived His Reinstatement Interference Claim By Failing To Raise It In The District Court ................................................12

            b.   Plaintiff-Appellant's Inability To Recall The Date He Sought Reinstatement Does Not, In And Of Itself, Permit A Jury to Conclude That He Sought Reinstatement Prior To Expiration Of His Leave ................................................14

            c.   The Record Confirms That Plaintiff-Appellant Did Not Request Reinstatement Until After His Leave Expired On February 15, 2019 ...........................16

ii

2.      Any Claimed Disputed Issue Of Fact Pertaining To Mr.
        Retallick's Reason For Refusing To Reinstate Mr.
        Larose Is Immaterial In Light Of Plaintiff's Failure To
        Establish A Right To Reinstatement Under The  FMLA .........17

3.      To The Extent Plaintiff-Appellant's New Technical
        Violation Interference Claim Is Not Waived, Plaintiff-
        Appellant Has Failed To Raise A Triable Issue Of Fact
        As To Whether He Suffered The Requisite Prejudice..............18

        a.      Plaintiff Has Waived His Technical Violation
                Interference Claim By Failing To Raise It In The
                District Court ................................................................18

        b.      The Record Confirms That Plaintiff-Appellant
                Was Not Prejudiced By Any Alleged Technical
                Violation Because He Was Medically Unable To
                Return To Work Prior To The Exhaustion Of His
                FMLA Leave ................................................................20

CONCLUSION ........................................................................................23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Achille v. Chestnut Ridge Transp., Inc.*,
  584 Fed. App. 20 (2d Cir. 2014) ................................................................12

*Anderson Grp., LLC v. City of Saratoga Springs*,
  805 F.3d 34 (2d Cir. 2015) ................................................................. 13, 19

*Bickerstaff v. Vassar Coll.*,
  196 F.3d 435 (2d Cir. 1999), *amended on other grounds*, No. 98-
  7702, 1999 U.S. App. LEXIS 34520 (2d Cir. Dec. 22, 1999) ......................10

*Blackett v. Whole Goods Mkt. Group., Inc.*,
  Docket No. 3:14-cv-01896 (JAM), 2017 U.S. Dist. LEXIS 44115
  (D. Conn. Mar. 27, 2017) ................................................................ 19, 21, 22

*Brennan v. Metro Life Ins. Co.*,
  275 F. Supp. 2d 406 (S.D.N.Y 2003) ........................................................16

*Bryant v. Ward*,
  Docket No. 3:09CV981(AWT), 2011 U.S. Dist. LEXIS 77345
  (D. Conn. July 18, 2011) ................................................................. 15, 16

*Craig v. Colonial Penn Ins. Co. of Pittsburgh, PA*,
  205 F.3d 66 (2d Cir. 2000) ................................................................15

*Graziado v. Culinary Inst. of Am.*,
  817 F.3d 415 (2d Cir. 2016) ................................................................. 11, 12

*Hewitt v. Triple Point Tech., Inc.*,
  171 F. Supp. 3d 10 (D. Conn. 2016) ........................................................12

*Hicks v. Baines*,
  593 F.3d 159 (2d Cir. 2010) ................................................................10

*In re Nortel Networks Corp. Sec. Litig.*,
  539 F.3d 129 (2d Cir. 2008) ................................................................13

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
  715 F.3d 102 (2d Cir. 2013) ........................................................10

*Newby v. Town of Cromwell*,
  25 F. Supp. 2d 56 (D. Conn. 1998) ........................................................15

*O'Hara v. Weeks Marine, Inc.*,
    294 F.3d 55 (2d Cir. 2002) ........................................................ 13, 19-20

*Ridegeway v. Royal Bank of Scotland Grp.*,
    No. 3:11-CV-976 (VLB), 212 WL 1033532 ......................................... 11, 12

*R.R. v. Scarsdale Union Free School District*,
    366 Fed. App. 239 (2d Cir. 2010) ...............................................................2

*Roberts v. Health Ass'n*,
    308 Fed. App. 568 (2d Cir. Feb. 3, 2009) ................................................21

*Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*,
    183 F.3d 155 (2d Cir. 1999) ......................................................................20

*United States v. Gomez*,
    877 F.3d 76 (2d Cir. 2017) .................................................................. 13, 19

*United States v. Levecchi*,
    711 F.3d 345 (2d Cir. 2013) ........................................................................9

*Wanamaker v. Town of Westport Bd. of Educ.*,
    11 F. Supp. 3d 51 (D. Conn. 2014) ..................................................... 11, 17

*Woods v. START Treatment & Recovery Centers, Inc.*,
    864 F.3d 158 (2d Cir. 2017) .....................................................................11

**Statutes & Other Authorities:**

28 U.S.C. § 1291 ....................................................................................................1

28 U.S.C. § 1331 ....................................................................................................1

29 U.S.C. § 2612(a)(1) .........................................................................................12

29 C.F.R. § 825.300 .............................................................................................19

29 C.F.R. § 825.300(d)(5) ...................................................................................18

Fed. R. App. P. 32(a)(5) .......................................................................................24

Fed. R. App. P. 32(a)(6) .......................................................................................24

Fed. R. App. P. 32(a)(7)(B)(i) .............................................................................24

Fed. R. App. P. 32(a)(7)(B)(iii) ...........................................................................24

Local Rule 56(a)(2) ...................................................................................... 4, 7, 16

## **JURISDICTIONAL STATEMENT**

On February 23, 2024, the District Court (Oliver, J.) issued a ruling granting in full the motion for summary judgment filed by Defendant-Appellee American Medical Response of Connecticut, Inc. (hereinafter "AMR") as to Plaintiff-Appellant Robert LaRose's claims of disability discrimination under the Americans with Disabilities Act ("ADA") (Count One) and violation of the Family Medical Leave Act ("FMLA") (Count Two).  (Appx. pp. 005 – 007; 514 - 527).

The District Court had subject matter jurisdiction over Plaintiff-Appellant's ADA and FMLA claims pursuant to 28 U.S.C. § 1331.

On February 26, 2024, the District Court entered judgment in favor of AMR against Plaintiff-Appellant.  (Appx. p. 528).  The Judgment disposed of all of Plaintiff-Appellant's claims against AMR.  On April 8, 2024, Plaintiff-Appellant timely filed his notice of appeal as to only the District Court's ruling on Plaintiff-Appellant's FMLA Claim under Count Two following the District Court's grant of Plaintiff-Appellant's motion to extend time entered on March 15, 2024.  This Court has jurisdiction over Plaintiff-Appellant's appeal pursuant to 28 U.S.C. § 1291.

## COUNTER-STATEMENT OF THE ISSUE ON APPEAL[1]

Whether the District Court (Oliver, J.) properly granted Defendant-Appellee's motion for summary judgment on Plaintiff-Appellant's FMLA interference claim in light of the undisputed facts that Plaintiff-Appellant received all leave benefits he was entitled to under the FMLA, that Plaintiff-Appellant's right to reinstatement under the FMLA expired when his FMLA leave expired, and that no reasonable fact-finder can conclude that any alleged misconduct following the expiration of Plaintiff-Appellant's FMLA leave could constitute actionable interference.

## COUNTER-STATEMENT OF THE CASE

Plaintiff-Appellant Robert LaRose was formerly employed by AMR as a paramedic and brought this action against AMR alleging disability discrimination under the ADA and FMLA interference and retaliation in connection with two leaves of absence granted by AMR: (1) the first occurring from October 16, 2018, to January 6, 2019 (11 weeks and five days total), and (2) the second occurring from January 18, 2019 to May 14, 2019 (12 weeks and one day total). Plaintiff-Appellant took a leave of absence from October 16, 2018 to January 6, 2019 to recover from

---

[1] Plaintiff-Appellant fails to address the District Court's Ruling entering judgment in favor of AMR on Plaintiff-Appellant's ADA disability discrimination claim or on any theory of FMLA Retaliation encompassed by Count Two and, thus, these claims are not part of this appeal. *R.R. v. Scarsdale Union Free School District*, 366 F. App'x 239, 242 (2d Cir. 2010) ("arguments not made in an appellant's opening brief are waived even if the appellant pursued those argument in the district court. . ..").

neck surgery. During this time period he received all leave he had requested under the FMLA. By the end of this period of leave, Plaintiff-Appellant was physically capable of returning to work and did return to his position as a Senior Operations Supervisor without any changes to the material aspects and conditions of his employment at AMR.

On January 16, 2019, Plaintiff-Appellant reported that he slipped and fell on ice on stairs outside his home, thereby injuring his left shoulder and receiving medical treatment. Two days later, he commenced another medical leave of absence due to shoulder pain, which was also approved by AMR under the FMLA. By February 12, 2019, Plaintiff-Appellant was still on a leave of absence and his medical provider instructed him to see an orthopedist physician the following week and to stay out of work at least until February 25, 2019. Plaintiff-Appellant fully exhausted his leave benefits under the FMLA on February 15, 2019, prior to being cleared to return to work.

After Plaintiff-Appellant exhausted his protected leave benefits under the FMLA, his supervisor, Robert Retallick, former Regional Director, sent him a letter on February 22, 2019 reminding Plaintiff-Appellant that he exhausted all FMLA time. After receiving Mr. Retallick's letter, Plaintiff-Appellant went into AMR's Waterbury office on or about February 27, 2019 to fax paperwork to ReedGroup, AMR's third party leave of absence provider. While doing so, Mr. Retallick saw

Plaintiff-Appellant and invited him into his office to discuss Plaintiff-Appellant's potential continued employment with AMR. During the meeting, Mr. Retallick actively encouraged Plaintiff-Appellant's continued employment with the company.[2]

Ultimately, and although his FMLA benefits had long since exhausted, Plaintiff-Appellant remained on leave until he received a return to work authorization from his doctor on May 14, 2019. By that time, Plaintiff-Appellant had not reported to work, with the exception of two weeks in January 2019, since October 16, 2018. With no managerial positions available at that time, Plaintiff-Appellant agreed to return to work as a per diem paramedic. AMR ultimately terminated Plaintiff-Appellant's employment on March 13, 2020 after he continued to fail to satisfy the collective bargaining agreement's ("CBA") minimum shift requirements, and this lawsuit followed.

---

[2] Notwithstanding Plaintiff-Appellant's invitation to this Court to engage in speculation and his misconstruing of the factual record, there is no doubt from the record that Plaintiff-Appellant's conversation with Mr. Retallick did *not* occur prior to February 15, 2019 when his FMLA leave expired, nor did it occur before AMR notified Plaintiff-Appellant of the expiration of his FMLA leave on February 22, 2019. Indeed, Plaintiff-Appellant's Complaint, Rule 56(a)(2) Statement and Defendant's responses to Plaintiff-Appellant's Complaint and Requests for Admission all establish that Plaintiff-Appellant's conversation with Mr. Retallick occurred on or about February 27, 2019, five days after he received the letter. (Appx. pp. 3, 387 and 400).

## <u>COUNTER-STATEMENT OF THE FACTS</u>

Plaintiff-Appellant began working at AMR in April 2006 as a part time paramedic, and in June of 2006 applied for and became a full-time paramedic. (Appx. pp. 059- 061, 134, 137). Beyond directly reporting to the supervisor who was present for any particular shift, Plaintiff-Appellant's supervisors were Mark Hughson, then-Senior Operation Supervisor, and Robert Retallick, then-General Manager. (Appx. pp. 62-63).

Eventually, on July 26, 2012, Plaintiff-Appellant received an appointment to a Field Supervisor position at AMR's Waterbury, CT facility. (Appx. pp. 87, 244). Mr. Retallick and Mr. Hughson continued to supervise Plaintiff-Appellant in this new role. (Appx. pp. 87, 244). In February 2016, Plaintiff-Appellant then became a Senior Operations Supervisor based at AMR's Waterbury facility. (Appx. p. 88).

Plaintiff-Appellant's second FMLA leave of absence while employed by AMR occurred from October 16, 2018 to January 6, 2019 due to Plaintiff-Appellant undergoing neck surgery. (Appx. pp. 090 – 092, 095). Plaintiff-Appellant received all the leave he sought under the FMLA. (Appx. pp. 099 - 100). By the time he returned to duty in January 2019, Plaintiff-Appellant admitted that he was physically capable of returning to work and did not need additional time away from work upon his return. (Appx. pp. 099 – 100). He had no medical restrictions upon return and,

by January 6, 2019, Plaintiff-Appellant could perform his regular duties. (Appx. p. 099).

On January 16, 2019, Plaintiff-Appellant slipped and fell on ice on the stairs outside his home, hurt his left shoulder, and received medical treatment. (Appx. 098 – 101, 102 – 103, 247 – 248). Two days later, on January 18, 2019, Plaintiff-Appellant commenced his third FMLA leave of absence due to shoulder pain from his fall. (Appx. pp. 106, 256 – 257). By February 12, 2019, Plaintiff-Appellant remained out of work per the instructions of his medical provider, who directed Plaintiff-Appellant to see an orthopedist the following week and stay out of work until February 25, 2019. (Appx. pp. 104 – 106, 253).[3] During his deposition, Plaintiff-Appellant admitted that by February 15, 2019, he had exhausted all of his leave benefits under the FMLA. (Appx. p. 106).

On February 22, 2019 Mr. Retallick sent Plaintiff-Appellant a letter, reminding him that he had exhausted all available FMLA time, and that AMR could not hold Plaintiff-Appellant's Senior Operations Supervisor position open for him any longer. (Appx. pp. 106 – 107, 259).

---

[3] Plaintiff-Appellant's medical providers precise assessment was: "**Shoulder strain versus tear. We will continue to monitor status patient has an appointment to see an orthopedist physician next week. Patient has been advised to stay out of work until 2/25 for I [sic] further evaluation**." (Appx. p. 253) (emphasis added).

On or about February 27, 2019, after Plaintiff-Appellant received Mr. Retallick's letter, he visited AMR to use the company's fax machine to fax paperwork to ReedGroup (FMLA administrator) regarding his leave of absence. (Appx., pp. 003, 387 and 400).[4] Mr. Retallick saw Plaintiff-Appellant and invited him into his office to have a conversation about Plaintiff-Appellant's potential continued employment at AMR. (Appx., pp. 108 – 109). During their conversation, Plaintiff-Appellant told Mr. Retallick that he had a medically imposed lifting restriction. (Appx., p. 110).

Plaintiff-Appellant's doctor scheduled him for surgery on March 4, 2019, and Plaintiff-Appellant provided no indication as to when he would be able to return to work following that date. (Appx. p. 358 – 360). The physician's note Plaintiff-Appellant provided to AMR Leave Management advised: "[patient] is having L shoulder rotator cuff repair 3/4/19. He could be out of work [sic] 2-3 months (for physical work)." (Appx. p. 360).

---

[4] Although Plaintiff-Appellant during his deposition was unable to provide any estimate concerning *when* he went to AMR's facility in February 2019, or whether it occurred before or after he received Mr. Retallick's deposition, Plaintiff admitted in his Local Rule 56(a)(2) statement (Appx. p. 387), and it is undisputed in both Plaintiff-Appellant's Complaint (Appx, p. 003, ℗ 24) and AMR's Answer (Appx. p. 13) and in both Plaintiff's Requests for Admissions and Defendant's corresponding responses (Appx., p. 400, Request No. 9) as well as Plaintiff-Appellant's Local Rule 56(a)(2) Statement (Appx. pp. 387 - 388, ¶¶ 39-41), that this visit occurred on or about February 27, 2019.

Plaintiff-Appellant remained out of work until his physician cleared him to return on May 14, 2019, almost three months after his visit and conversation with Mr. Retallick. (Appx. pp. 114 – 115, 263). This was the first point in which Plaintiff-Appellant was cleared to work, except for two weeks in January 2019 when he was between leaves, since October 2018, and he received all leave time requested from the company. (Appx. pp. 112 – 115, 261, 263).

## SUMMARY OF ARGUMENT

This Court should affirm the District Court's Ruling granting AMR's motion for summary judgment. The District Court's conclusion that the failure to reinstate Plaintiff-Appellant after expiration of his FMLA leave failed to state a cognizable FMLA interference claim was correct in light of the arguments presented to it and the undisputed record evidence. While Plaintiff-Appellant has asserted a new theory of recovery, arguing for the first time on appeal that he was denied reinstatement prior to the expiration of his leave, this claim has been waived. To the extent this claim has been adequately raised, it is contradicted by the undisputed facts that Plaintiff-Appellant: (1) fully exhausted his FMLA leave benefits on February 15, 2019; (2) was notified of such expiration on February 22, 2019; and (3) did not make any attempt to return to work or otherwise seek reinstatement until after his leave expired and after he was notified of such expiration. These facts alone dispose of Plaintiff-Appellant's newly configured FMLA interference claim.

8

These same undisputed facts also defeat Plaintiff-Appellant's assertion that Mr. Retallick's statement, that Plaintiff-Appellant has "to come back 100 percent or not at all" when Plaintiff-Appellant sought reinstatement after the expiration of his leave, raises a disputed issue of fact as to whether Plaintiff-Appellant's taking of FMLA protected leave was a negative factor in the alleged refusal to reinstate him. Mr. Retalick's motivation for purportedly denying reinstatement is immaterial where, as here, Plaintiff-Appellant has failed to establish a triable issue of fact with respect to whether he possessed a right to reinstatement under the FMLA.

Finally, Plaintiff-Appellant's argument that he was prejudiced by the alleged failure to timely provide him an FMLA designation notice is waived, as this was not presented to the District Court. Moreover, even if this claim is found to have been adequately raised, the undisputed fact that Plaintiff-Appellant was not medically cleared to return to work at any time prior to the expiration of his FMLA leave prevents him from raising a genuine issue of material fact with respect to the prejudice required to render a technical violation actionable as FMLA interference.

## ARGUMENT

### A. Standard of Review

This Court reviews all legal issues, including issues of statutory interpretation, *de novo*. *United States v. Levecchi*, 711 F.3d 345, 351 (2d Cir. 2013). This Court also reviews *de novo* a district court's grant of summary judgment, construing the

evidence in the light most favorable to the non-moving party and drawing all
*reasonable* inferences therefrom. *Mihalik v. Credit Agricole Cheuvreux N. Am.,
Inc.*, 715 F.3d 102, 108 (2d Cir. 2013). The District Court applied this standard
correctly, noting that if the non-moving party "fails to make a sufficient showing on
an essential element of her case on which she has the burden of proof and submits
'merely colorable evidence,' then summary judgment is appropriate." (Appx. p.
518) (citing cases). *See also Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010)
("mere conclusory allegations or denials . . . cannot by themselves create a genuine
issue of material fact where none would otherwise exist") (internal quotation marks
and citation omitted); *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 448 (2d Cir. 1999)
("an inference is not a suspicion or a guess") (internal quotation marks omitted),
*amended on other grounds*, No. 98-7702, 1999 U.S. App. LEXIS 34520 (2d Cir.
Dec. 22, 1999).

### B. The District Court Correctly Found That Plaintiff-Appellant Could Not Prove FMLA Interference As A Matter of Law.

Plaintiff-Appellant argued to the District Court that AMR's refusal to reinstate
him after expiration of his FMLA leave amounted to interference because it was
motivated by Plaintiff-Appellant's utilization of such leave. (Appx. pp. 375 - 378).
The District Court rejected this argument, entering summary judgment for AMR on
Plaintiff-Appellant's FMLA interference claim "because alleged misconduct
occurring after expiration of Plaintiff-Appellant's FMLA leave cannot, as a matter

of law, constitute interference with Plaintiff's right to reinstatement." (Appx. pp. 526-527). In reaching this conclusion, the District Court acknowledged Plaintiff-Appellant's admission that when his FMLA expired on February 15, 2019, he received and took extended leave under AMR's policies, and noted "[a] claim for interference on the basis of a failure to reinstate is 'not cognizable as a violation of FMLA where [the plaintiff] remained on leave beyond the expiration of this FMLA leave." (Appx. p. 526) (quoting *Ridgeway v. Royal Bank of Scotland Grp., No. 3:11-CV-976 (VLB), 212 WL 1033532, at *10)*. Additionally, the District Court also properly found that Plaintiff-Appellant's right to reinstatement under the FMLA expired when his FMLA leave expired. (Appx. p. 526) (citing *Wanamaker v. Town of Westport Bd. of Educ.*, 11 F. Supp. 3d 51, 69 (D. Conn. 2014).

> **1.** **To The Extent Plaintiff's Newly Asserted Pre-Leave Expiration Reinstatement Interference Claim Is Not Waived, It Does Not Create A Disputed Issue of Material Fact As To Whether Plaintiff-Appellant Requested Reinstatement Prior To Expiration of His FMLA Leave**

An FMLA interference claim arises "when [an] employer has prevented or otherwise impeded [an] employee's ability to exercise rights under the FMLA." *Woods v. START Treatment & Recovery Centers, Inc.*, 864 F.3d 158, 166 (2d Cir. 2017) (citing *Graziado v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016)). To establish a *prima facie* claim of FMLA interference, Plaintiff-Appellant must show that: (1) he is an FMLA-eligible employee; (2) AMR is an employer, as defined

by the FMLA, (3) he was entitled to take FMLA leave; (4) he gave notice to AMR of his intention to take leave; and (5) he was denied FMLA benefits to which he was entitled. *Graziado*, 817 F. 3d at 424; *Achille v. Chestnut Ridge Transp., Inc.*, 584 F. App'x 20 (2d Cir. 2014); *see also Hewitt v. Triple Point Tech., Inc.*, 171 F. Supp. 3d, 10, 16 (D. Conn. 2016) (citing 29 U.S.C. § 2612(a)(1)).

a. Plaintiff Has Waived His Reinstatement Interference Claim By Failing To Raise It In The District Court.

Plaintiff-Appellant unequivocally argued to the District Court that the FMLA benefit he was denied consisted of the refusal to hold open, or reinstate him to, his position after expiration of his FMLA leave. (Appx. p. 376). Plaintiff-Appellant's reliance upon the temporal proximity between the expiration of his leave and the decision not to hold open, or reinstate him to, his position as evidence that exercise of his FMLA rights was a motivating factor in that decision further confirms that Plaintiff-Appellant was indisputably asserting interference with a right to reinstatement after expiration of his leave. (Appx. pp. 375 - 377). The District Court correctly dismissed this claim noting that a "claim for interference on the basis of a failure to reinstate is not cognizable as a violation of FMLA, where [the plaintiff] remained on leave beyond the expiration of his FMLA leave." (Appx. p. 526) (quoting *Ridegeway v. Royal Bank of Scotland Grp., No. 3:11-CV-976 (VLB), 212 WL 1033532, at *10.* In so doing, the District Court correctly concluded that "no reasonable factfinder can conclude that any alleged misconduct by AMR after

12

February 15, 2019, the date Plaintiff's FMLA leave expired, constitutes interference with Plaintiff's right to reinstatement." (Appx. pp. 526-527).

In an attempt state a cognizable claim and create the appearance that the District Court overlooked material facts, Plaintiff-Appellant now asserts, for the first time on appeal, that the FMLA benefit he was denied consisted of the failure to reinstate him *prior to* the expiration of his FMLA leave. (Pl Brief p. 15-17). In so doing, he accuses the District Court of ignoring key evidence, namely his own inability to recall the date he purportedly sought reinstatement. (Pl Brief p. 16). Plaintiff-Appellant posits that his inability to recall the date he requested reinstatement creates a disputed issue of fact with respect to whether that request occurred prior to expiration of his FMLA leave. (Pl Brief p. 15-17). However, Plaintiff-Appellant is barred from raising this argument at the appellate stage. *See United States v. Gomez*, 877 F.3d 76, 94 (2d Cir. 2017); *Anderson Grp., LLC v. City of Saratoga Springs*, 805 F.3d 34, 50 (2d Cir. 2015) ("It is well settled that arguments not presented to the district court are considered waived [or forfeited] and generally will not be considered for the first time on appeal"); *O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 67 n. 5 (2d Cir. 2002) ("An appellate court will not consider an issue raised for the first time on appeal.") *but see In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008) (finding that the Court has "discretion to consider arguments waived [or forfeited] below because our waiver . . . doctrine is entirely

13

prudential," but that the Court will not exercise this discretion when the forfeited argument was available and no reason is proffered for their failure to raise the argument).

        b. <u>Plaintiff-Appellant's Inability To Recall The Date He Sought Reinstatement Does Not, In And Of Itself, Permit A Jury to Conclude That He Sought Reinstatement Prior To Expiration Of His Leave.</u>

Even if Plaintiff-Appellant's arguments before the District Court are considered broad enough to have preserved this new claim, Plaintiff-Appellant's suggestion that his own failure to recall the date he requested reinstatement renders such disputed is contrary to law and common sense. Plaintiff-Appellant argues that he requested reinstatement during a meeting with Mr. Retallick. (Pl Brief p. 16). With respect to that meeting, Plaintiff testified:

- Q: Do you remember a time where you just had a discussion with [Mr. Retallick] regarding your leave?
- A: Yes.

- Q: Do you recall when that was?
- A: **I don't recall the date, no.**  (emphasis added).

- Q: Could it have been shortly after you received that letter?
- A: **After or before, I don't – I don't recall.**  (emphasis added).

- Q: Did you – was it an in person conversation you had with him, or was it over the phone?
- A: I believe it was in person.

- Q: Did you go to AMR to have the conversation?

- A: As – as I recall, I don't specifically remember if it was because of this letter or not that we had a conversation, but yes, I did – I did speak with him at AMR.

(Appx. p. 425-427).  Plaintiff-Appellant's testimony on this issue, on its own, leaves a reasonable trier of fact no basis to conclude anything about the timing of Plaintiff-Appellant's conversation with Mr. Retallick other than that Plaintiff-Appellant simply doesn't know whether it occurred before or after the exhaustion of his FMLA benefits.  "A witness's non-denial does not create a genuine issue of material fact when the witness has testified to a lack of memory and no affirmative evidence has been introduced." *Bryant v. Ward*, Docket No. 3:09CV981(AWT), 2011 U.S. Dist. LEXIS 77345, at *10-11 (D. Conn. July 18, 2011) (holding that plaintiff's failure to recall whether he signaled before turning does not create a genuine issue of material fact when there is affirmative evidence to the contrary (i.e.- that he failed to signal) in the record) (citing to *Craig v. Colonial Penn Ins. Co. of Pittsburgh, PA*, 205 F.3d 66, 75 (2d Cir. 2000) (noting that the defendant's citations to "vague denials and memory lapses . . . do not create genuine issues of material fact."); *Newby v. Town of Cromwell*, 25 F. Supp. 2d 56, 58 (D. Conn. 1998) (holding that plaintiff's inability to recall whether he successfully completed certain items of a field sobriety test does not create a genuine issue of material fact).  Thus, the purported deposition testimony Plaintiff-Appellant alleges the District Court overlooked fails, as a matter of law, to

raise a triable issue of fact as to whether he requested reinstatement during his FMLA leave. *See Bryant*, 2011 U.S. Dist. LEXIS 77345 at *10-11.

>   c. The Record Confirms That Plaintiff-Appellant Did Not Request Reinstatement Until After His Leave Expired On February 15, 2019.

While Plaintiff-Appellant's deposition testimony fails to provide any indication as to whether he sought reinstatement prior to February 15, 2019, Plaintiff has admitted in his Local Rule 56(a)(2) Statement that the meeting with Mr. Retallick during which he purportedly requested reinstatement occurred after February 22, 2019, and hence after expiration of his FMLA leave on February 15th, 2019. (Appx. pp. 387 - 388, ¶¶ 39-41). Further, Plaintiff-Appellant's own Complaint confirms that his only attempt to be reinstated prior to May 2019 occurred on or about February 27, 2019, well after the expiration of his FMLA on February 15, 2019. (Appx. p. 003, ¶¶ 24, 28¶) (¶ 24"On or about February 27, 2019, the plaintiff went into defendant's Waterbury offices to speak with Retallick.", ¶ 28 "The plaintiff told Retallick that he could return to work the next day if it were not for his lifting restrictions."). Plaintiff-Appellant's assertions of fact in his Complaint are judicial admission to which he is bound. *Brennan v. Metro Life Ins. Co.*, 275 F. Supp. 2d 406, 410 (S.D.N.Y 2003). Further, AMR's answer to that Complaint admitted the allegation that the conversation with Mr. Retallick occurred on or about February 27, 2024. (Appx. p. 013, ¶ 24). Finally, Plaintiff-Appellant specifically

asked AMR to admit or deny whether this meeting occurred "on or about February 27, 2019" and AMR admitted such in a verified response:

- **<u>Request No. 9</u>**:  On or about February 27, 2019 Robert LaRose and Robert Retallick met in person and discussed LaRose's medical leave.
- **<u>Response:</u>  Defendant admits Request 9.**  (Appx. p. 400).

Plaintiff's failure to recall whether he requested reinstatement prior to February 15, 2019, coupled with the admissions in the record that the conversation concerning reinstatement occurred on or about  February 27, 2019, confirm that no reasonable factfinder could conclude that Plaintiff in fact requested reinstatement prior to the expiration of his leave on February 15, 20219.  Accordingly, Plaintiff has failed to establish that he was denied an FMLA benefit to which he was entitled, and the District Court's entry of judgment in AMR's favor on Plaintiff-Appellant's FMLA interference claim should be affirmed.  *See Wanamaker*, 11 F. Supp. 3d at 71 (a plaintiff's right to reinstatement under the FMLA expires when FMLA leave expires).

> ### 2. *Any Claimed Disputed Issue Of Fact Pertaining To Mr. Retallick's Reason For Refusing To Reinstate Mr. Larose Is Immaterial In Light Of Plaintiff's Failure To Establish A Right To Reinstatement Under The  FMLA*

AMR need not address Plaintiff-Appellant's contention that Mr. Retallick's statement "[y]ou have to come back 100 percent or not at all" creates a triable issue of fact with respect to whether Mr. Retallick's purported denial of reinstatement was motivated by Plaintiff-Appellant's exercise of his FMLA rights.  (Pl. Brief pp. 19-

23). Mr. Retalick's motivation for purportedly denying reinstatement is immaterial where, as here, Plaintiff-Appellant has failed to establish a triable issue of fact with respect to whether he possessed a right to reinstatement under the FMLA.

> 3. ***To The Extent Plaintiff-Appellant's New Technical Violation Interference Claim Is Not Waived, Plaintiff-Appellant Has Failed To Raise A Triable Issue Of Fact As To Whether He Suffered The Requisite Prejudice.***

Plaintiff-Appellant also suggests the District Court overlooked key evidence by arguing yet another previously unasserted claim on appeal. Plaintiff-Appellant now asserts that the District Court erred in failing to find a disputed issue of fact with respect to whether Plaintiff-Appellant was prejudiced by the alleged failure to timely provide him a FMLA designation notice. (Pl. Brief, p. 17).

> a. Plaintiff Has Waived His Technical Violation Interference Claim By Failing To Raise It In The District Court.

While Plaintiff-Appellant did suggest in footnote 5 of his Opposition to Summary Judgment that the provision on February 22, 2019 of notice that Plaintiff-Appellant's leave had expired on February 15, 2019 violated 29 C.F.R. § 825.300(d)(5), he did not argue or assert any resulting prejudice or otherwise suggest that this violation was independently actionable in any manner or means. (Appx. pp. 376 – 377) ("The defendant relies on facts showing General Manager Retallick sent a LaRose a letter informing him the defendant would not hold the plaintiff's Senior Operations Supervisor position 'after he exhausted FMLA leave on February

18

15, 2019' . . ..  However, in doing so, the defendant failed to comply with its notice requirements under the FMLA, including 'by not providing written notice within five business days of a change to plaintiff's designation notice, such as when plaintiff would exhaust his FMLA leave.").

Notably, the very authority upon which Plaintiff-Appellant bases his appeal states that a technical violation alone is not sufficient to support a claim for FMLA interference - Plaintiff-Appellant also needs to establish that he was prejudiced by any such violation.  *See Blackett v. Whole Goods Mkt. Group., Inc.*, Docket No. 3:14-cv-01896 (JAM), 2017 U.S. Dist. LEXIS 44115, at *19 (D. Conn. Mar. 27, 2017) ("An employer's failure to follow the FMLA notice requires [of 29 C.F.R. § 825.300] may constitute an interference with . . . the exercise of an employee's FMLA rights . . . *so long as that failure results in a prejudice to the employee*.") (emphasis added).

At summary judgment, Plaintiff-Appellant made no contention of prejudice whatsoever with respect to the technical violation of the FMLA's regulatory scheme referenced in his footnote, and, therefore, is barred from raising this argument at the appellate stage.  *See United States v. Gomez*, *supra,* 877 F.3d at 94; *Anderson Grp., LLC v. City of Saratoga Springs*, *supra,* 805 F.3d at 50 ("It is well settled that arguments not presented to the district court are considered waived [or forfeited] and generally will not be considered for the first time on appeal"); *O'Hara v. Weeks*

*Marine, Inc.*, *supra,* 294 F.3d at 67 n. 5 (2d Cir. 2002) ("An appellate court will not consider an issue raised for the first time on appeal.")

      b.  <u>The Record Confirms That Plaintiff-Appellant Was Not Prejudiced By Any Alleged Technical Violation Because He Was Medically Unable To Return To Work Prior To The Exhaustion Of His FMLA Leave.</u>

As for the merits of Plaintiff-Appellant's claim, there is no basis in the record to conclude that any late notification regarding the exhaustion of his FMLA rights prejudiced Plaintiff-Appellant in any manner. There is certainly no evidence that the absence of a designation notice deprived Plaintiff-Appellant of the ability to manage his leave in a manner that would have permitted him to return prior to expiration.

As noted above, Plaintiff-Appellant made no effort to return to work prior to the exhaustion of his leave. Further, the record confirms that at the time his leave expired on February 15, 2019 he was not medically cleared to return to work. "When . . . an employer fails to conform to the technical notice requirements of the FMLA prior to the employee's leave but it is undisputed that the employee could not have returned to work after twelve or more weeks of leave, the employee does not have a claim of interference because no prejudice resulted from the lack of notice. *See Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 161-62 (2d Cir. 1999) (employee had no claim of FMLA interference because his right to reinstatement following leave "could not have been impeded or affected by the lack of notice

20

because his leave was caused by a serious health condition that made him unable to perform the functions of his position, and it is undisputed that inability continued for some two months after the end of his 12-week FMLA leave period."); *Roberts v. Health Ass'n*, 308 F. Appx. 568, 569-70 (2d Cir. Feb. 3, 2009) (finding that employee terminated two weeks before her FMLA leave expired was not prejudiced by the early termination because her doctor had concluded that she was medically unable to work until after the end of her twelve-week entitlement).

Indeed, Plaintiff's physician had confirmed that he remained unfit to return to work until at least February 25, 2019 on February 12, 2019, just three days prior to the expiration of his leave. (Appx. p. 253). Further, that evaluation noted that Plaintiff-Appellant had an appointment with an orthopedist physician the following week and would not even be reevaluated as to his fitness to work until approximately February 25, 2019. (Appx. p. 253). Ultimately, Plaintiff-Appellant did not receive clearance from his doctor to return to work until May 9, 2019, almost three full months after expiration of his leave. (Appx. p. 263).

Plaintiff's reliance upon the *Blackett* decision is therefore seriously misplaced. In *Blackett*, the District Court found that the employer did not provide a designation notice with respect to three different leaves and did not provide the employee with the date on which his CTFMLA leave would expire until *after* he had already gone forward with an intensive surgery. 2017 U.S. Dist. LEXIS 4415 at

*10. Accordingly, the Court found that an issue of material fact existed because "plaintiff might nevertheless have been prejudiced if he would have been medically able to structure his leaves differently in order to avail himself of his FMLA rights. . .." *Id.* at *21.

In contrast, the undisputed facts here establish that Plaintiff-Appellant: (i) took a continuous leave of absence starting on January 18, 2019 following a slip and fall accident resulting in injury (Appx. pp. 106, 256-257), (ii) was not medically cleared to return to work at any time until well after the expiration of his leave, and (iii) elected to proceed with shoulder surgery on March 4, 2019 after both expiration of his leave and after being given notice on February 22, 2019 of such expiration. (Appx. pp. 259, 357 – 360).

Thus, unlike in *Blackett*, Plaintiff was not prejudiced by the purportedly untimely designation notice because the record confirms he could not have structured his leave in a manner that would have permitted him to return to work by February 15, 2019, even with a timely designation notice.

Indeed, any suggestion that Plaintiff-Appellant could have somehow returned to work prior to February 15, 2019 presumes not only that Plaintiff-Appellant was malingering, but also that Plaintiff-Appellant would be permitted by AMR to return to work without medical clearance. The summary judgment record, however, contains no evidence supporting either such scenario, let alone both. In fact, both

are rebutted by the undisputed fact that Plaintiff was not cleared to return, and did not actually return until after having the surgery in May of 2019 (albeit in a different position). Thus, no reasonable juror could conclude that the alleged untimely designation notice prejudiced Plaintiff by preventing him from restructuring his leave in a manner that would have permitted him to return prior to expiration. The District Court's entry of judgment in AMR's favor should therefore be affirmed.

## CONCLUSION

For the reasons stated above, this Court should affirm the decision of the District Court granting summary judgment in favor of AMR on all counts of Plaintiff-Appellant's Complaint.

Dated: February 10, 2025

Respectfully submitted,

/s/ John P. Shea _____
John P. Shea
JACKSON LEWIS P.C.
90 State House Square
Hartford, CT 06103
(860) 522-0404
John.Shea@jacksonlewis.com
*Attorneys for Defendant-Appellee*

## <u>CERTIFICATE OF COMPLIANCE</u>
**With Type-Volume Limitation, Typeface Requirements, and
Type Style Requirements**

1.      This brief complies with type-volume limitation of Fed. R. App. P. 32(a)(7)B(i) because this brief contains 5435 words lines, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Edition in 14-point Times New Roman Font.