# 24-962

United States Court of Appeal
for the Second Circuit

Robert LaRose
Plaintiff-Appellant

v.

American Medical Response of Connecticut, Inc.
Defendant-Appellee

Case Number 3:21-cv-948(VDO)

Appeal from the District Court's Memorandum and Order Granting Defendant's Motion for Summary Judgment on February 23, 2024, and entry of Judgment for the Defendant on February 26, 2024.

Plaintiff-Appellant's Reply Brief

Appearing for the Plaintiff-Appellant:

Peter D. Goselin
The Law Office of Peter Goselin
P.O. Box 331313
Hartford, CT 06133
860-580-9675

**I. Table of Contents**

I.  Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

II.  Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

III. Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        A.     The Court should reject defendant's assertion that plaintiff waived his arguments as to the application of FMLA regulations regarding an employee's right to reinstatement and fitness for duty. . . . . . . . . . . . . 1

        B.     Even in the absence of the cited FMLA regulations, there remains sufficient evidence of disputed facts as to preclude summary judgment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IV.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

V.     Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## II. Table of Authorities

### A. Cases

*Blackett v. Whole Foods Mkt. Grp., Inc.*, 2017 WL 1138126 (D. Conn. 2017) . 3, 4

*Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) . . . . . . . . . . . . . . . 2

*Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 90-91 (2002) . . . . . . . . . . . 4

*United States v. Gomez*, 877 F.3d 76, 94-95 (2d Cir. 2017) . . . . . . . . . . . . . . . . 1, 2

### B. Regulations

29 CFR §825.300 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

29 CFR §825.312 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

### III. Argument

    A.    **The Court should reject the assertion that plaintiff waived his arguments as to the application of FMLA regulations regarding an employee's right to reinstatement and fitness for duty.**

In the plaintiff's memorandum opposing summary judgment before the district court, the plaintiff showed disputed material facts as to the timing of the lapse of LaRose's FMLA leave and of AMR's rejection of his request for reinstatement. The district court erred in failing to even make mention of the request for reinstatement or the defendant's stated reason for rejecting it. The plaintiff's brief on appeal addresses those disputed facts and the district court's omission, demonstrating that the district court erred in granting summary judgment for the defendant.

The plaintiff's brief on appeal also cites to FMLA regulations that, applied to the facts of this case, clearly demonstrate that AMR's rejection of LaRose's request for reinstatement interfered with his FMLA rights. The defendant asserts, however, that the plaintiff cannot invoke these regulations in support of his interference argument because in so doing he is raising issues for the first time on appeal.

The defendant relies on the proposition that issues raised for the first time on appeal are waived, citing, *inter alia*, *United States v. Gomez*, 877 F.3d 76, 94-95 (2d Cir. 2017). However, *Gomez* is explicit that *t*his is a discretionary rule that the

1

Court may elect to disregard "'where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding.'" *Gomez, supra,* quoting *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) (alteration omitted). Both exceptions to the general rule of waiver apply here.

First, the Court should find that consideration of the FMLA regulations identified by the plaintiff in his brief on appeal is required to avoid a manifest injustice. It is undisputed that AMR informed LaRose in a letter dated February 22, 2019, that his FMLA had elapsed *one full week* earlier on February 15, 2019. LaRose's testimony is unrebutted that either shortly before or after receiving the letter, LaRose spoke to his manager, Robert Retallick, requested reinstatement, and was denied solely because "You have to come back 100 percent or not at all." (Appx. 425-427)

Nonetheless, the district court granted summary judgment on the basis that "no reasonable factfinder can conclude that any alleged misconduct by AMR after February 15, 2019, the date Plaintiff's FMLA leave expired, constitutes interference with Plaintiff's right to reinstatement." That is, the district court found that LaRose cannot claim interference because he did not ask to be reinstated *at*

*least one full week before AMR notified him that his FMLA leave had ended.*[1] On the facts of this case, such a conclusion flies in the face of common sense: AMR acquired the ability to avoid its obligation to reinstate LaRose from FMLA by simply waiting until after his leave had expired to give him notice.

At summary judgment neither party nor the district court referenced FMLA regulations that effectively bar an employer from using just such a post-facto "notice" to avoid legal responsibility for reinstating an employee. The invocation of these regulations on appeal is necessary to avoid manifest injustice.

Second, the referenced FMLA regulations establish as a matter of law AMR's interference with LaRose's right to reinstatement without requiring further fact finding. As discussed in plaintiff's initial brief, Department of Labor regulations require an employer to provide an employee with five days' advance notice of changes to his FMLA leave eligibility. See, 29 CFR §825.300(d)(5). District Court Judge Meyer observed in *Blackett*, supra, that "An employer's '[f]ailure to follow the [FMLA] notice requirements [of 29 CFR §825.300] may constitute an interference with . . . the exercise of an employee's FMLA rights,' 29 CFR § 825.300(e), so long as that failure results in a prejudice to the employee."

---

[1] That the district court's conclusion works a manifest injustice on the plaintiff is even more clearly shown because the district court makes no mention at all of LaRose's request to be reinstated or Retallick's response.

3

*Blackett*, supra, citing *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 90-91 (2002).

Here, the undisputed evidence shows that AMR's notice to LaRose was dated a week after the end of his FMLA eligibility. Therefore, LaRose suffered prejudice when, as a result of the late notice, he was unable to make a timely request for reinstatement and suffered the loss of his position. No other facts are necessary here: relying on 29 CFR §825.300(d)(5), the plaintiff is able to show FMLA interference as a matter of law.

In the same vein, the defendant is heard to assert that it was not required to reinstate LaRose at the end of his FMLA because a lifting restriction meant that he could not perform "100%" of his duties. However, the Department of Labor's regulations would require AMR to give LaRose a "designation letter" pursuant to 29 CFR §825.300(d), putting him on notice that his return to work would be conditioned on his ability to perform the essential functions of his job, as prescribed by 29 CFR §825.312(b). Again, AMR's failure to give notice of that condition interfered with LaRose's FMLA rights as a matter of law, and without the need for additional fact-finding.

Thus, the plaintiff can show that the application of the FMLA regulations cited above is required to avoid a manifest injustice and/or establishes AMR's

4

interference with LaRose's rights under the FMLA as a matter of law. Therefore, the Court should reject the defendant's argument for waiver.

**B. Even in the absence of the cited FMLA regulations, there remains sufficient evidence of disputed facts as to preclude summary judgment.**

Even without considering the FMLA regulations invoked by the plaintiff in his appeal brief, the evidence of disputed material facts precluded the district court's grant of summary judgment. As rehearsed in the plaintiff's brief at summary judgment and his initial brief to this Court, the evidence shows that LaRose requested reinstatement at or around the time of the notice of the expiration of his leave.

Retallick, LaRose's manager, denied his request for reinstatement. In doing so, Retallick did not indicate that the denial was due to LaRose's inability to perform the essential functions of the job (as AMR now asserts). Retallick rejected LaRose's request out of hand stating only that LaRose had to "come back 100 percent or not at all." (Appx. 425-427) AMR has provided no evidence that Retallick's response reflected any consideration of the nature or extent of LaRose's physical limitations at that time. A reasonable juror could find that Retallick's immediate, blanket refusal to reinstate LaRose unlawfully interfered with his rights under the FMLA.

The plaintiff respectfully requests that the Court reverse the district court's grant of summary justice as to the plaintiff's claim of FMLA interference and remand the matter for further proceedings.

## IV. Conclusion

In ruling on AMR's motion for summary judgment as to plaintiff Robert LaRose's claim of FMLA interference, the District Court ignored evidence of LaRose's request for reinstatement and defendant AMR's refusal to reinstate, failed to apply federal FMLA regulations as to notice and reinstatement, and failed to make a finding that there are material facts in dispute as to the reason for AMR's refusal. Therefore, LaRose respectfully requests that, as to his claim for FMLA interference, the Court find that disputed material facts preclude summary judgment; or alternatively, that the Court remand this matter to Judge Oliver for further proceedings.

V.  **Certificate of Compliance**

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using LibreOffice 24.2.0.3 in 14 pt. Times New Roman. The word count is 1,245.

                               */s/ Peter D. Goselin*
                               Attorney for Plaintiff-Appellant
                                       Robert LaRose

Dated: April 28, 2025

_____